UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDRICK LEE CHRISTOPHE,

           Plaintiff,

v.

T. NUNN, City of Auburn Police Officer, *et al.*,

           Defendants.

Case No. C19-519-BJR-MLP

REPORT AND RECOMMENDATION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Fredrick Christophe submitted his original complaint to the Court for filing on April 8, 2019. (Dkt. # 1-1.) Plaintiff asserted therein that he was attacked by a police K-9 after being apprehended by City of Kent police officers in January 2019. (*See id*. at 3.) The only Defendant identified by Plaintiff in his original complaint was "John Doe, K-9 Officer, City of Kent Police Department." (*See id*. at 1-2.) Before the Court had an opportunity to review Plaintiff's original complaint, Plaintiff filed an amended complaint in which he identified multiple Defendants and multiple claims for relief, all arising out of his January 2019 arrest by City of Auburn and City of Kent police officers. (*See* Dkt. ## 4, 7.)

REPORT AND RECOMMENDATION
PAGE - 1

Plaintiff asserted in his amended complaint that after running from, and being apprehended by, City of Kent police officers, he was handcuffed with his hands behind his back and left lying on the ground. (Dkt. # 7 at 5.) He further asserted that City of Auburn Police Officer T. Nunn and his K-9 partner then arrived on the scene and approached Plaintiff as City of Kent police officers looked on. (*Id*.) Plaintiff claimed that Officer Nunn whispered into his K-9 partner's ear "let's show his black ass what we do to runners," and then gave the K-9 a command which caused the dog to lunge forward and bite Plaintiff on the leg. (*Id*.) Plaintiff further claimed that the City of Kent officers witnessed the incident but failed to document Officer Nunn's use of force in an effort to shield Officer Nunn from liability, and that the City of Kent officers failed to take action to protect Plaintiff from Officer Nunn's use of force while he was in their custody. (*Id*. at 5-6.)

Plaintiff alleged that Officer Nunn's use of force, and the City of Kent officers' failure to protect him from the use of force, violated his Eighth Amendment rights as well as the policies and procedures of the City of Kent and City of Auburn police departments. Plaintiff further alleged that the failure to document and report the use of force incident, after consultation between the City of Kent police officers and Officer Nunn, constituted a conspiracy within the meaning of 42 U.S.C. § 1985. Plaintiff identified the following seven Defendants in his amended complaint: City of Auburn Police Officer T. Nunn; City of Kent Police Officers E.M. Bratlien, J.E. Prusa, S.M. Goforth, and M.A. Rosser; the City of Auburn; and, the City of Kent. (*Id*. at 1-2.) Plaintiff requested declaratory relief and damages. (*Id*. at 4.)

After reviewing Plaintiff's amended complaint, this Court concluded that Plaintiff had arguably alleged a viable cause of action against Officer Nunn but had not stated a viable claim

REPORT AND RECOMMENDATION
PAGE - 2

for relief against any of the six remaining Defendants. Thus, on May 13, 2019, this Court issued an Order declining to serve Plaintiff's amended complaint and granting him leave to file a second amended complaint. (Dkt. # 8.) The Court explained therein that in order to adequately state a claim for relief under § 1983, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. (*Id*. at 3, citing *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).) The Court noted that Plaintiff had not alleged sufficient facts in his amended complaint to support his claim that the City of Kent police officers violated his constitutional rights by failing to protect him from the alleged attack by the K-9. (*Id*. at 3-4.)

The Court also explained that Plaintiff's claim that the police officers engaged in a conspiracy to violate his rights when they failed to report the use of force incident was vague and conclusory and insufficient to state any claim for relief. (*Id*. at 4.) Finally, as to Defendants City of Auburn and City of Kent, the Court advised Plaintiff that he had not alleged any cause of action against either entity in his complaint, suggesting that he was seeking to have the municipalities held liable based solely on the acts of their employees, something which is not permissible under § 1983. (*See id*. at 3-5, citing *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978).)

Plaintiff was granted thirty days to file a second amended complaint curing the defects in his amended complaint, and he was advised that if he failed to timely file a second amended complaint the Court would recommend that his first amended complaint be served on Officer Nunn and that all other Defendants be dismissed from this action. To date, Plaintiff has not filed a second amended complaint curing the defects in his claims against the City of Auburn, the City

REPORT AND RECOMMENDATION
PAGE - 3

of Kent, and City of Kent Police Officers E.M. Bratlien, J.E. Prusa, S.M. Goforth, and M.A. Rosser. This Court therefore recommends that Plaintiff's first amended complaint be dismissed as to those Defendants and that Plaintiff be permitted to proceed with this action only against City of Auburn Police Officer Nunn. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED 8th of July, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4