UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDRICK LEE CHRISTOPHE,

                Plaintiff,

     v.

T. NUNN, City of Auburn Police Officer, et al.,

                Defendants.

Case No. C19-519-MLP-BJR

ORDER DISMISSING DEFENDANTS FROM CIVIL RIGHTS ACTION

## I.    INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of The Honorable Michelle L. Peterson, United States Magistrate Judge (ECF No. 9) and Plaintiff Frederick Christophe's ("Christophe") response to the R&R (ECF No. 10). The Court has considered the R&R, Christophe's putative objection, the remaining record, and the relevant legal authorities, the hereby adopts the R&R.

## II.    BACKGROUND

On April 8, 2019, Christophe filed a *pro se* civil rights complaint by a prisoner under 42 U.S.C. § 1983 (ECF No. 1-1). He alleged that police used excessive force against him, including a dog bite by a police K-9, in an incident before he was incarcerated. *Id.* Christophe filed an amended complaint on April 30, 2019 (ECF No. 7) in which he listed the names of several defendants. Christophe alleges that one of them, City of Auburn Police Officer Nunn, said "let's

ORDER DISMISSING DEFENDANTS
FROM CIVIL RIGHTS ACTION - 1

show his black ass what we do to runners" and gave his K-9 a command which caused the dog to lunge toward and bite Christophe. *Id.* at 5.

On May 13, 2019, the Magistrate Judge issued an order (ECF No. 8) which concluded that while Christophe had arguably alleged a viable cause of action against Officer Nunn, he had failed to adequately allege a cause of action against any of the other named defendants. *Id.* at 3. The order declined to direct service of Christophe's amended complaint because of the deficiencies identified, but granted Christophe thirty days to file a second amended complaint to cure the deficiencies. *Id.* at 5. The order instructed that if no second amended complaint were timely filed, the Magistrate Judge would recommend that Christophe's first amended complaint be served on Officer Nunn and that all other Defendants be dismissed from the action. *Id.*

Christophe did not file a second amended complaint. On July 8, 2019 – fifty-six days after the previous order – the Magistrate Judge issued an R&R (ECF No. 9) that did what the previous order promised: recommended the dismissal of Christophe's first amended complaint as to all defendants except Officer Nunn. *Id.* at 4. The R&R informed Christophe that he had twenty-one days to file objections. *Id.*

Christophe filed a response on August 9, 2019 (ECF No. 11). This filing requested an extension of time of 90 days to file a second amended complaint. *Id.* at 2. Christophe also requested that the Court treat this filing as an objection to the R&R, though it listed no specific or substantive objections.

# III. DISCUSSION

When a party files specific and properly filed written objections to an R&R, the district court must review the Magistrate Judge's findings *de novo. United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b).

A general objection to the entirety of a magistrate's report "has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). The court in *Howard* explained further that when no specific objection is made,

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id.* (citing *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)). *See also Boyd v. Carney*, No. C11-5782BHS, 2012 WL 4896935, at *1 (W.D. Wash. Oct. 15, 2012).

Here, Christophe had no specific objection to the Magistrate Judge's R&R. His objection was no more than a placeholder as it refers only to Christophe's request for an extension of time to file a second amended complaint. As such, it does not constitute a specific or properly filed objection. *See Howard,* 932 F.2d at 509; *Arn,* 474 U.S. 148 ("The same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here [when a District Court reviews non-specific objections to an R&R].") (internal citations omitted). The requirement for this Court to make *de novo* review is limited to those parts of the R&R to which objection is made. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

make a de novo determination of *those portions* of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added). There being only a single general objection, this Court accordingly adopts the R&R.

## IV.  CONCLUSION

The Court hereby ORDERS as follows:

(1)    The Report and Recommendation is approved and adopted.

(2)    Plaintiff's request for a 90-day extension of time to file a second amended complaint is DENIED.

(2)    Plaintiff's amended complaint (ECF No. 7) and this action are DISMISSED as to Defendants City of Auburn, City of Kent, and City of Kent Police Officers E.M. Bratlien, J.E. Prusa, S.M. Goforth, and M.A. Rosser, for failure of Plaintiff to state any claim upon which relief may be granted in this civil rights action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

(3)    Magistrate Judge Peterson shall issue a service order directing service of Plaintiff's first amended complaint on City of Auburn Police Officer T. Nunn.

(4)    The Clerk is directed to send copies of this Order to Plaintiff (at both of his listed addresses) and to Magistrate Judge Peterson.

DATED this 27th day of September, 2019.

BARBARA J. ROTHSTEIN
United States District Judge

ORDER DISMISSING DEFENDANTS
FROM CIVIL RIGHTS ACTION - 4