UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDRICK LEE CHRISTOPHE,

                              Plaintiff,

        v.

T. NUNN,

                              Defendant.

No.  2:19-CV-519-BJR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on a Report and Recommendation of the Honorable
Michelle L. Peterson, United States Magistrate Judge, on Defendant's motion for summary
judgment.  Plaintiff has filed objections to the Report and Recommendation.  The Court, having
reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record,
hereby finds and ORDERS as follows:

        (1)  The Court adopts the Report and Recommendation (Dkt. No. 54).

        (2)  Defendant's Motion for Summary Judgment (Dkt. No. 34) is GRANTED and this
action is DISMISSED with prejudice.

The reasons for the Court's decision are set forth below.

## I.  BACKGROUND

Plaintiff Fredrick Lee Christophe has brought this action under 42 U.S.C. § 1983 against
Defendant Timothy Nunn, an officer of the City of Auburn Police Department.  Plaintiff alleges
the use of excessive force by Defendant during an arrest and seeks $1,000,000 in damages.

ORDER - 1

Plaintiff was arrested in the early morning hours on January 15, 2019, in Kent, Washington, following a pursuit by law enforcement.  Defendant was one of the officers at the scene of the arrest and was accompanied by a K-9 partner (i.e., a police dog).

Plaintiff's amended complaint alleges that Defendant arrived at the scene of the arrest with his K-9 partner while Plaintiff was "laying on the ground, face down, with his hands cuffed behind his back."  Dkt. No. 7 at 5.  Plaintiff alleges that Defendant whispered in the ear of his K-9 partner "let's show his black ass what we do to runners" and gave a command that caused the dog to leap forward and bite Plaintiff on his leg.  *Id.*

Defendant denies Plaintiff's allegations.  After the close of discovery, Defendant moved for summary judgment, arguing that Plaintiff's version of the facts is "physically impossible, speculative, and only supported by his conclusory, self-serving statement."  Dkt. No. 34 at 8.  In support of his motion, Defendant offered evidence that included:

- Declarations from himself and three other police officers involved in the arrest in which the officers deny that Plaintiff was bitten by Defendant's K-9 partner.  Dkt. Nos. 37-40.

- A photograph of Plaintiff's leg, which was taken at Plaintiff's deposition after he was asked to show where he had been bitten.  The photograph shows a scar on Plaintiff's left upper thigh where he alleges that the bite occurred.  Dkt. No. 35, Ex. 4.

- Plaintiff's deposition testimony indicating that he was certain Defendant and his K-9 partner were on Plaintiff's right side before the dog bit him.  Dkt. No. 35, Ex. 1 at 81.

- Plaintiff's deposition testimony in which he acknowledged that if the K-9 was on Plaintiff's right side while Plaintiff was lying face down, the dog could not have bitten his left thigh where Plaintiff claimed the bite occurred.  Dkt. No. 35, Ex. 1 at

ORDER - 2

81-83.  Plaintiff testified the dog "hit me when I was handcuffed, face down.  I'm

trying to figure out now.  If I'm faced down like this, he can't hit me like that.  So it

had to have been when they either rolled me over like this.  How do you get to that

part of the leg.  I just don't remember."  *Id.* at 82.

- Plaintiff's deposition testimony that the dog bite created tears or holes in his jeans and resulted in a little blood on his pants.  Dkt. No. 35, Ex. 1, at 63, 65-66

- A photograph of Plaintiff from the arrest scene taken after the bite allegedly occurred that shows no visible tears, holes, or blood on Plaintiff's pants in the area where he alleges that the bite occurred.  Dkt. No. 35, Ex. 5.

- Plaintiff's deposition testimony indicating that he could not testify under penalty of perjury that he was certain that Defendant made the statement "let's show his black ass what we do to runners."  Dkt. No. 35, Ex. 1, at 73-75.

In response to Defendant's motion for summary judgment, Plaintiff asserted that

evidence exists to support his claim that he was bitten.  He claimed that this evidence includes

medical records from the Kent City Jail and St. Joseph Hospital in Tacoma, where he said he

received treatment for the dog bite.  Dkt. No. 43 at 3-4.  He also asserted that there is a video of

the arrest, which Plaintiff claimed was altered so that "the piece showing the dog bite was

deleted."  *Id.* at 3.  In addition, he argued that police reports from the arrest indicate that the dog

"nosed" him, although Plaintiff also claimed these reports were falsified to omit mentioning that

the K-9 was released on Plaintiff.  *Id.* at 2.

However, Plaintiff presented none of this evidence in his response to Defendant's motion.

Instead, Plaintiff requested that the Court take steps to obtain and review evidence to support his

claims.  Plaintiff asked the Court to review the video of his arrest, which he claimed "is running

ORDER - 3

smoothly up until the scene where the dog is approaching, then it goes blank," only to resume "with the dog being held a few feet from me as if there was never any contact." *Id.* at 3. Plaintiff also asked the Court to subpoena his medical records from the Kent City Jail, stating that he had been "given the run around" in trying to obtain those records. *Id.* In addition, Plaintiff asked the Court to "subpoena each officer individually" because he believed at least one officer would substantiate his claim that he was bitten. *Id.* at 4-5.

Magistrate Judge Peterson issued a Report and Recommendation that recommended granting summary judgment in favor of Defendant. The Report and Recommendation noted the lack of evidence that Plaintiff had presented to support his claim, finding that "Plaintiff has had ample time during the pendency of this action to collect and present evidence to support his claims, yet he has failed to do so." Dkt. No. 54 at 11. The Report and Recommendation concluded that "Plaintiff's claim that Defendant Nunn used excessive force against him is simply not plausible in light of the evidence in the record which demonstrates that Plaintiff was never actually bitten by Defendant Nunn's K-9 partner." *Id.* at 12.

Plaintiff filed objections to the Report and Recommendation (Dkt. No. 55), which the Court reviews below.

## II.  DISCUSSION

### A.    Standard of Review

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* those portions of the

ORDER - 4

report and recommendation to which written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**B.     Plaintiff's Objections**

Plaintiff has submitted numerous objections to the Report and Recommendation.  Dkt. No. 55.  Generally speaking, Plaintiff's objections concern two central issues:  (1) the lack of evidence submitted by Plaintiff to support his claim; and (2) whether there is a genuine issue of material fact that precludes summary judgment from being entered in favor of Defendant.

**1.   Lack of Evidence to Support Plaintiff's Claim**

**a.   Request for the Court to Obtain Evidence**

In his objections, Plaintiff suggests that it is the Court's duty to procure evidence in this case.  Dkt. No. 55 at 3.  However, as the Report and Recommendation correctly notes, "[i]t is not the Court's role or responsibility to procure the evidence necessary to support Plaintiff's claims, it is Plaintiff's burden to do so, and to do so in a timely manner."  Dkt. No. 54 at 11; *see also Murphy v. Grochowski*, 3:18-CV-01404, 2021 WL 134205, at *4 (M.D. Pa. Jan. 14, 2021) (noting that "the court does not obtain evidence for litigants"); *see generally Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").  In a civil action such as this case, Plaintiff is responsible for obtaining and presenting evidence to support his claims.  The Federal Rules of Civil Procedure provide litigants with the opportunity to obtain evidence through discovery requests to the opposing party, as well as through subpoenas to third parties.

The record also indicates that Plaintiff was aware of his responsibility to obtain evidence to support his claims.  In January 2020, Plaintiff sent a letter to the Court stating that he had "been diligently trying to obtain documents" concerning his case and apologizing for "not being

ORDER - 5

more prompt regarding this matter." Dkt. No. 29.  In February 2020, Plaintiff sent the Court another letter, which was construed as a motion for an extension of time, requesting a "30 day extension to better try to prepare for this matter" because he was "trying to obtain a few more documents to prove my claim . . . ." Dkt. No. 30.  As discussed below, Plaintiff was granted an extension of the discovery deadline until May 25, 2020, based on this request.  Dkt. Nos. 32 and 33.  These communications make clear that Plaintiff understood that it was his duty, rather than the Court's, to obtain evidence to support his claims.

**b.  Defendant's Burden on Summary Judgment**

Plaintiff also argues that Defendant's counsel, as lawyers who are defending a police officer at taxpayer expense, have a "duty to produce unequivocal material to establish a conclusive fact." Dkt. No. 55 at 3.  This argument misapprehends the requirements for production of evidence at the summary judgment stage in civil cases.  Defendant had the initial burden of production in his motion for summary judgment to either (1) produce evidence negating an essential element of Plaintiff's claim; or (2) show that the Plaintiff does not have enough evidence of an essential element of his claim to carry its ultimate burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9ᵗʰ Cir. 2000). Defendant satisfied this initial burden of production in his summary judgment motion by producing evidence to negate Plaintiff's claim that he was bitten, as well as by showing that Plaintiff does not have sufficient evidence to persuade a reasonable jury that he was bitten.  The burden then shifted to Plaintiff to produce evidence to support his claim.  *Id.* at 1103.  To defeat Defendant's motion for summary judgment, Plaintiff had to "produce enough evidence to create a genuine issue of material fact."  *Id.*

ORDER - 6

Plaintiff appears to suggest that Defendant was obliged to present video recordings of the arrest to the Court to obtain summary judgment. However, as discussed above, it would be Plaintiff's responsibility to present such recordings to the Court if Plaintiff believes such recordings would create a genuine issue of material fact. Plaintiff had the opportunity through the discovery process to obtain copies of any video recordings of his arrest. To meet his burden of showing a genuine issue of material fact for trial, it is not sufficient for Plaintiff to allege in an unsworn response to Defendant's summary judgment motion that video recordings of the arrest exist and have been altered to delete evidence that Plaintiff was bitten.

### c.  Request for More Time

In his objections, Plaintiff generally requests "more time" in light of the COVID-19 pandemic. Dkt. No. 55 at 8. However, Plaintiff's initial complaint was filed in this Court in April 2019 and Plaintiff had the opportunity to obtain evidence before the pandemic began in Washington State in early 2020. Although the initial discovery deadline of March 16, 2020 occurred during the pandemic, as noted above the Court extended the discovery deadline to May 25, 2020 at Plaintiff's request. Dkt. Nos. 32 and 33.

Federal Rule of Civil Procedure 56(d) provides a mechanism for a party in a civil case to seek more time to obtain evidence to respond to a summary judgment motion. This rule provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
> (3)  issue any other appropriate order.

Here, Plaintiff has not offered an affidavit or declaration to support his assertions that he has been unable to present facts essential to justify his opposition to Defendant's motion for

ORDER - 7

summary judgment.  Nor has Plaintiff shown that he was diligent in seeking discovery before

Defendant moved for summary judgment, despite receiving an extension of the discovery

deadline.  *See Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) (district court does not abuse its

discretion by denying further discovery if the movant has failed diligently to pursue discovery in

the past).

The Court understands that it is challenging for an unrepresented person to litigate a civil

case.  Nonetheless, "[p]ro se litigants must follow the same rules of procedure that govern other

litigants."  *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds*

*by Lacey v. Maricopa Cnty.,* 693 F.3d 896, 925 (9th Cir. 2012).  Here, Plaintiff had the

opportunity to obtain evidence by using the tools for discovery provided by the Federal Rules of

Civil Procedure.  In addition, the evidence that Plaintiff claims would support his case includes

his own medical records from St. Joseph Hospital in Tacoma, which Plaintiff should have been

able to obtain at any time through a request to the hospital.

The Court recognizes that unrepresented litigants who are incarcerated face added

challenges in obtaining evidence and conducting litigation.  However, the record indicates that

Plaintiff was not incarcerated for much of this litigation.  Although Plaintiff filed his complaint

in April 2019 while incarcerated (Dkt. 1-1 at 3), he later filed a number of address changes that

listed addresses that are not correctional facilities.[1]  It appears from the record that Plaintiff was

not incarcerated for approximately a year between August 2019 to August 2020.  Plaintiff

informed the Court that he was again incarcerated on August 21, 2020, when he was arrested in

---

[1] *See* Dkt. No. 13 (August 2019 address change); Dkt. No. 20 (October 2019 address change); Dkt. No. 28 (January 2020 address change); Dkt. No. 41 (Defendant's counsel represents in July 2020 that Plaintiff told him that Plaintiff's new address was in Bellevue, Washington); Dkt. No. 43 (showing that Plaintiff's response to Defendant's summary judgment motion was filed in an envelope listing a return address in Bellevue).

Bellevue on an outstanding warrant.  Dkt. No. 48 at 3-4.  By that point, discovery had closed and the briefing period for Defendant's summary judgment motion had been completed.[2]

Therefore, the Court finds that no additional extensions of time are warranted.

### 2.  Whether a Genuine Issue of Material Fact Precludes Summary Judgment

In his objections, Plaintiff argues that material facts are in dispute in this case.  Under Federal Rule of Civil Procedure 56(a), summary judgment is proper if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

"A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  As Magistrate Judge Peterson noted in the Report and Recommendation, the United States Supreme Court has also held that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### a.  Evidence Before the Court

Here, the only evidence that Plaintiff has presented to support his claim that he was bitten by Defendant's K-9 partner are his own statements.  Although Defendant characterizes

---

[2] Because Plaintiff was not incarcerated when Defendant filed his motion for summary judgment, Plaintiff was not entitled to a notice pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), of summary judgment requirements. *See, e.g.*, *James v. Puga*, 585 Fed. Appx. 510, 511 (9th Cir. 2014) (*Rand* requirements do not apply when plaintiff is no longer incarcerated by the time a summary judgment motion is filed); *Anderson v. Deleon*, No. C 12-6055, 2014 WL 3595020, at *4 (N.D. Cal. July 21, 2014) (same), *declined to follow on other grounds by Jackson v. Fong*, 870 F.3d 928, 935 n.4 (9th Cir. 2017).  Nonetheless, Defendant provided Plaintiff with a *Rand* notice concurrently with his motion for summary judgment.  Dkt. No. 36.

ORDER - 9

Plaintiff's statements as self-serving, "the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Nigro v. Sears, Roebeck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).  Plaintiff's amended complaint was signed under penalty of perjury (Dkt. No. 7), and therefore Plaintiff's contentions in his verified amended complaint are evidence that the Court considers to the extent they are based on personal knowledge and set forth facts that would be admissible in evidence.[3]  *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

In Plaintiff's amended complaint, he alleged under penalty of perjury that:

Defendant Nunn, with his K-9 partner in tow and on leash, approached Plaintiff as Plaintiff was laying on the ground, face down, with his hands cuffed behind his back.  As Plaintiff observed Defendant Nunn and his K-9 partner approaching, Defendant Nunn suddenly bent down, whereupon Plaintiff could hear Defendant Nunn, bent down, whisper into his K-9 partner['s] ear: "let's show his black ass what we do to runners," whereupon Defendant Nunn gave his K-9 partner a command, whereupon his K-9 partner instantaneously leaped forward toward Plaintiff clamping his teeth into Plaintiff's leg, biting Plaintiff.

Dkt. No. 7 at 5.  However, as discussed above, Plaintiff subsequently testified in his deposition that: (1) he could not testify under penalty of perjury that he was certain Defendant said "let's show his black ass what we do to runners"; (2) he was certain the dog was on his right side while Plaintiff was lying face down on the ground; and (3) he acknowledged that the dog could not have bitten him where Plaintiff claimed the bite occurred on his upper left thigh if the dog was on his right side while Plaintiff was lying face down on the ground.

Plaintiff asserts that during his deposition, he experienced such duress and pressure reliving the event that an "emotional and mental breakdown occurred."  Dkt. No. 55 at 2.  He also argues that most people cannot recall "every fleeting detail of traumatic events over a year

---

[3] By contrast, Plaintiff's response to Defendant's motion for summary judgment and his objections to the Report and Recommendation are not signed under penalty of perjury.  Dkt. Nos. 43, 55.

in passing." *Id.*  However, Plaintiff does not identify in his objections any specific testimony from his deposition that he now contends is inaccurate, nor has he offered a statement under penalty of perjury that disputes the accuracy of his sworn deposition testimony.

**b.  Evidence of Settlement Offer**

Plaintiff asserts that during his deposition, the City of Auburn's insurer made a settlement offer of $200 to him, which Plaintiff argues "is clearly some indication of liability." *Id*. However, Federal Rule of Evidence 408 provides that a settlement offer is not admissible to prove or disprove a disputed claim.  As a result, the Court may not consider the fact that Plaintiff received a settlement offer.

**c.  Assistance Plaintiff Received in Drafting Complaint**

Plaintiff objects to Defendant's suggestion in the motion for summary judgment that Plaintiff's complaint is untrue because Plaintiff received assistance from an inmate named "Hollywood" in drafting it.  However, the Report and Recommendation does not rely on this argument by Defendant to conclude that summary judgment should be granted, although it does note the argument and Plaintiff's objections to the argument.

**d.  Offer of Medical Treatment During the Arrest**

Plaintiff disputes Defendant's assertion that Plaintiff was offered but refused medical treatment at the arrest scene.  Plaintiff appears to be referring to a statement in Defendant's declaration asserting that Plaintiff "refused medical aid and confirmed [the dog] had not bitten his leg nor his hand" at the arrest scene.  Dkt. No. 39 at 3.  Although the parties appear to dispute whether Plaintiff was offered medical attention at the arrest scene, such a disagreement does not create a genuine issue of material fact on the question of whether Plaintiff was bitten by the dog.

ORDER - 11

Plaintiff also suggests Defendant's statement that Plaintiff was offered medical attention at the arrest scene creates an issue of fact as to whether Plaintiff was injured during the arrest. The Court disagrees.  There is no evidence indicating that Defendant's reason for offering medical attention to Plaintiff was due to a dog bite; instead, Defendant stated in his sworn declaration that Plaintiff confirmed at the arrest scene that the dog had not bitten him.  Dkt. No. 39 at 3.

### e.  Photographs of Plaintiff

Plaintiff also objects to Defendant's assertion that the photograph of Plaintiff after the arrest does not show any damage to Plaintiff's clothing.  This objection is not well taken because Defendant is correct that the photograph shows no damage to Plaintiff's clothing.  The Court recognizes that the photograph is not of high quality, and the photograph by itself does not establish that Plaintiff was not bitten.  Nonetheless, the photograph is relevant evidence that adds support to Defendant's summary judgment motion.

Plaintiff also suggests that Defendant's counsel admitted that Plaintiff sustained injuries that were photographed.  This argument appears to refer to the photograph that Defendant's counsel took at Plaintiff's deposition of the scar on Plaintiff's leg, which Plaintiff alleged was caused by the dog bite.  However, Defendant denies the scar was caused by a bite from his K-9 partner.  Dkt. No. 34 at 5-7.

### f.  Declarations from Police Officers

Plaintiff objects to declarations that Defendant offered from police officers in support of the summary judgment motion, arguing that these officers were not under oath or "threat of perjury," nor subjected to depositions.  Dkt. No. 55 at 6.  This argument fails to recognize that the first paragraph of each officer's declaration indicates that their declarations are made under

ORDER - 12

penalty of perjury.  Dkt. No. 37-40.  The Federal Rules of Civil Procedure permit parties to present evidence on summary judgment through declarations made under penalty of perjury, and Defendant was not required to conduct depositions of his own witnesses.

Plaintiff also suggests that Defendant could not have observed the pursuit of Plaintiff by police officers as described in Defendant's declaration because the pursuit took place on several streets and ended in an alley.  This objection overlooks the fact that Defendant indicated in his declaration that he followed the pursuit of Plaintiff by radio, not by personal observation of the entire pursuit.  Dkt. No. 39 at 2.

Plaintiff also argues that Defendant's statements in his declaration regarding the actions of his K-9 partner at the scene of the arrest are not credible because, according to Plaintiff, police dogs are not trained to behave as Defendant described.  This contention is unsupported by any showing by Plaintiff of expertise or knowledge on his part of police dog training.

Finally, Plaintiff argues that the declarations of the police officers cannot be trusted because "there is a "blue code of silence when it comes to law enforcement officers" in which officers do not report or admit misconduct by other officers.  Dkt. No. 55 at 5.  In this case, however, the officers' sworn declarations as well as the other evidence offered by Defendant to support his summary judgment motion stand uncontradicted by any evidence produced by Plaintiff in support of his claim, other than his own statements.

### g.  Summary

Plaintiff alleged under penalty of perjury in his amended complaint that he was bitten by Defendant's K-9 partner while lying face down in handcuffs.  Plaintiff also testified under penalty of perjury at his deposition that the dog was on Plaintiff's right side, and identified a scar on his upper left thigh that he claims was caused by the dog bite.  As Defendant maintains, and

as Plaintiff acknowledged at his deposition, it is not plausible that the dog could have bitten Plaintiff on that part of his left thigh while Plaintiff was lying face down with the dog on his right side.

Plaintiff also testified at his deposition that the dog bite caused tears or holes in his pants. However, Defendant produced a photograph of Plaintiff at the scene of the arrest taken after the alleged dog bite occurred that shows no visible tears or holes in Plaintiff's clothing in the area on Plaintiff's upper left thigh where the bite allegedly occurred.

Plaintiff maintains that he sought and obtained medical treatment at both the Kent City Jail and a private hospital for the alleged dog bite.  However, Plaintiff has presented no medical records to support his claim, despite being granted an extension of the discovery deadline to obtain evidence.  Nor has Plaintiff presented a copy of the video recording of his arrest that he claims was altered to delete evidence of the dog bite.

Where Plaintiff alleges evidence exists to support his claim but fails to produce that evidence despite sufficient time to do so, he leaves Defendant's evidence unrefuted.  On the record before the Court, no reasonable jury could conclude that Plaintiff was bitten by Defendant's K-9 partner.  Therefore, the Court agrees with Magistrate Judge Peterson's recommendation that summary judgment should be granted in favor of Defendant.

### III.    CONCLUSION

The Court adopts the Report and Recommendation.  Defendant's motion for summary judgment is granted and this action is dismissed with prejudice.

DATED this 16th day of April, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 14