UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| FREDRICK LEE CHRISTOPHE, | No. 2:19-CV-519-BJR |
|---|---|
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY FINAL ORDER AND JUDGMENT SHOULD NOT BE VACATED AND RECONSIDERED |
| T. NUNN, | |
| Defendant. | |

The Court enters this Order *sua sponte* based on information that has come to the Court's attention since entry of the final order and judgment in this matter. On April 16, 2021, the Court entered an order adopting Magistrate Judge Peterson's Report and Recommendation that Defendant's motion for summary judgment should be granted. Dkt. No. 58. The Court concurrently entered a separate judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Defendant. Dkt. No. 59. The Court's order and judgment were based in substantial part on Plaintiff's failure to present evidence to support his allegation that he was bitten by Defendant's K-9 partner during an arrest on January 15, 2019.

ORDER - 1

However, court staff has since discovered that St. Joseph Hospital sent Plaintiff's medical records to the Court in August 2020.[1] These medical records are filed under seal as Exhibit 1 to this order. It appears that the medical records, which were addressed to the undersigned judge and did not reference any case number, were misdirected after they were delivered to the courthouse, and were not discovered until now by court staff.[2] As a result, the medical records were not entered into the docket for this case before the Court issued its final order and judgment.

The medical records support Plaintiff's contention that he sought treatment at St. Joseph Hospital on January 19, 2019, for a dog bite on his left thigh. At the same time, the medical records also include information that is inconsistent with Plaintiff's sworn allegations that he was lying face down on the ground while handcuffed when he was allegedly bitten by Defendant's K-9 partner.

Federal Rule of Civil Procedure (FRCP) 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding" for six enumerated reasons. Of relevance here, FRCP 60(b)(1) authorizes relief from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." This provision applies to mistakes or inadvertence by the Court itself. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,

---

[1] Plaintiff had asserted in his objections to the Report and Recommendation that he had asked St. Joseph Hospital to send these records to the Court. Dkt. No. 55 at 4 (Plaintiff states that he had "contacted St. Joseph Hospital and requested medical records be forwarded to the court."). The medical records indicate that they were printed on August 6, 2020. There is no postmark on the envelope in which the records were delivered (the front and back of the envelope are the last two pages of Exhibit 1 to this Order), nor is there a date stamp indicating when the materials were received at the courthouse.

[2] Under the Local Civil Rules of this Court, these medical records should have been submitted to the Court by Plaintiff with his opposition to Defendant's summary judgment motion, rather than by having them sent separately to the Court by the hospital. *See* Local Civil Rule 7(b)(2).

ORDER - 2

168 F.3d 347, 350 (9th Cir. 1999).  In addition, FRCP 60(b)(6) more broadly authorizes the Court to grant relief for "any other reason that justifies relief."

The Ninth Circuit has held that a district court may *sua sponte* grant relief under FRCP 60(b) based on a mistake or inadvertence by the Court, provided that the party who obtained the judgment in question has notice and an opportunity to be heard.  *Kingvision*, 168 F.3d at 352.  Here, the failure to enter Plaintiff's medical records from St. Joseph Hospital into the docket for this case was a mistake or inadvertence that potentially impacted the Court's decision to grant summary judgment in favor of Defendant.

Therefore, the Court ORDERS Defendant to show cause why the Court should not vacate and reconsider its final order (Dkt. No. 58) and judgment (Dkt. No. 59) pursuant to FRCP 60(b)(1) or 60(b)(6) in light of the Court's discovery that Plaintiff's medical records from St. Joseph Hospital were not entered into the docket for this case.  Defendant's response to this Order shall be filed by May 27, 2021, and shall be limited to 15 pages.  Plaintiff may file a reply to Defendant's response by June 10, 2021, limited to 15 pages.

The Clerk is directed to send copies of this Order, including sealed Exhibit 1, to Plaintiff, to Defendant's counsel, and to Magistrate Judge Peterson.

DATED this 13th day of May, 2021.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 3