UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDRICK LEE CHRISTOPHE,

Plaintiff,

v.

T. NUNN,

Defendant.

No. 2:19-CV-519-BJR

ORDER ON RECONSIDERATION OF FINAL ORDER AND JUDGMENT AND ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL

This matter comes before the Court for consideration of the parties' responses to an Order to Show Cause Why Final Order and Judgment Should Not Be Vacated and Reconsidered ("Order to Show Cause"). Dkt. No. 60. The Court issued the Order to Show Cause after discovering that Plaintiff had medical records sent to the Court by St. Joseph Hospital which bypassed the Court's docket, and thus had not been considered by the Court before the entry of a final order and judgment in favor of Defendant on April 16, 2021. Plaintiff has also filed a motion to request that the Court: (1) appoint counsel for him; and (2) subpoena video recordings of his arrest. Dkt. No. 64.

Having reviewed these materials and the balance of record in the case, the Court affirms its prior order granting Defendant's motion for summary judgment. The reasons for the Court's decision are set forth below.


## I. Background

Plaintiff has brought an excessive force claim under 42 U.S.C. §1983 against Defendant Timothy Nunn, an officer of the City of Auburn Police Department. On January 15, 2019, Plaintiff was arrested after his roommate called the police to report that Plaintiff had assaulted him. Plaintiff alleges that Defendant arrived on the scene of the arrest with a K-9 partner while Plaintiff was "laying on the ground, face down, with his hands cuffed behind his back." Dkt. No. 7 at 5. Plaintiff alleges that Defendant whispered in the ear of his K-9 partner "let's show his black ass what we do to runners" and gave a command that caused the dog to leap forward and bite Plaintiff on his leg. *Id.* Defendant denies Plaintiff's allegations.[1]

After the close of discovery, Defendant filed a motion for summary judgment. Magistrate Judge Michelle Peterson issued a Report and Recommendation that recommended that Defendant's motion for summary judgment should be granted. The Report and Recommendation concluded that "Plaintiff's claim that Defendant Nunn used excessive force against him is simply not plausible in light of the evidence in the record which demonstrates that Plaintiff was never actually bitten by Defendant Nunn's K-9 partner." Dkt. No. 54 at 12. On April 16, 2021, the Court entered an order adopting the Report and Recommendation and granting Defendant's motion for summary judgment. Dkt. Nos. 58.

However, Court staff subsequently discovered that the Court had received Plaintiff's medical records from St. Joseph Hospital, which Plaintiff had asked the hospital to send directly

[1] In a declaration submitted in support of his summary judgment motion, Defendant stated that he released his K-9 partner when Plaintiff failed to stop after Defendant issued a warning that he would release the dog. Dkt. No. 39 at 3. However, Defendant asserted that the dog made no contact with Plaintiff because Plaintiff stopped walking after the dog was released. *Id.* (stating "I saw that Jax [the dog] never made contact with Mr. Christophe, likely because Mr. Christophe had stopped walking. Jax is trained to apprehend fleeing suspects when directed and it appeared to me that Jax was unsure who I was directing him toward when he did not see anyone actively fleeing.").

to the undersigned judge on July 29, 2020. These medical records did not include a case name or number and were misdirected after being delivered to the courthouse. As a result, the medical records were not entered into the docket for this case and were not considered by Magistrate Judge Peterson or by the Court.

The medical records indicate that Plaintiff sought treatment for multiple issues at the hospital's emergency department on January 19, 2019, four days after Plaintiff's arrest. The records indicate that Plaintiff was seen by a physician assistant, who noted the following information related to the alleged dog bite:

> Patient reports being assaulted by his roommate 4 days ago. He states his roommate rushed at him knocking him to the ground. He then hit and choked him. Patient is unsure where he hit him but does think he lost consciousness. The police then arrived and the patient left the scene and did not hear the police calling for him so they pursued him and sent a dog to take him down. The dog bit him on the left thigh and knocked him to the ground but released him quickly. He thinks he hit his head then as well but denies loss of consciousness.

Dkt. No. 61, at ECF p. 6. The medical records also state that Plaintiff "has multiple healing abrasions to left thigh that appear to be well healing . . . ." *Id.* at 13. Under the heading of "Clinical Impression," the records list: "Dog bite, initial encounter." *Id.*

## II. Discussion

### A. Consideration of Plaintiff's Medical Records

Federal Rule of Civil Procedure 60(b)(1) authorizes reconsideration of a final order or judgment based on "mistake, inadvertence, surprise, or excusable neglect," including a mistake or inadvertence by the Court itself. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). Because Plaintiff's medical records from St. Joseph Hospital were mistakenly not entered into the docket for this case when they were received at the courthouse,

the Court reconsiders whether summary judgment was properly entered for Defendant in light of these medical records.

**1. Defendant's Procedural and Evidentiary Objections**

Defendant raises several objections to the Court's consideration of Plaintiff's medical records from St. Joseph Hospital. Defendant objects to Plaintiff's failure to file the medical records concurrently with his response to Defendant's motion for summary judgment, as required by Local Civil Rule 7(b)(2). Defendant also points out that Plaintiff did not request his medical records from the hospital until July 29, 2020, which was two months after the extended discovery cutoff in this matter and several days after Plaintiff had filed his response to Defendant's summary judgment motion. However, the Court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedure requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (courts treat *pro se* litigants with "great leniency" in evaluating their compliance with the technical rules of civil procedure). Therefore, under the circumstances here, the Court will not reject Plaintiff's submission of his medical records from St. Joseph Hospital due to his failure to seek the records earlier or to comply with the requirements of Local Civil Rule 7(b)(2).

Defendant also argues that Plaintiff's medical records are inadmissible hearsay. However, Federal Rule of Evidence 803(4) provides a hearsay exception for a statement that: (A) "is made for – and is reasonably pertinent to – medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." In addition, the Ninth Circuit has held that "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form" but "instead focus on the admissibility of its contents."

*Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). Here, the contents of the medical records could be presented in admissible form at trial through the testimony of appropriate witnesses.

Defendant also argues that the medical records are not properly authenticated. However, the Court received the medical records directly from the health care provider, which provides a sufficient basis under the circumstances for the Court to be satisfied that the records are authentic. *See, e.g.*, Fed. R. Evid. 901(b)(4) (evidence may be authenticated based on "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"); *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 778 n.24 (9th Cir. 2002) (noting different ways in which documents may be authenticated during summary judgment).

As a result, the Court will not strike Plaintiff's submission of his medical records from St. Joseph Hospital, and will consider the records in determining whether summary judgment was properly granted in favor of Defendant.

**2. Whether the Medical Records Create a Genuine Issue of Material Fact on Plaintiff's Excessive Force Claim**

Defendant argues that the medical records from St. Joseph Hospital do not create a genuine issue of material fact as to Plaintiff's claim that Defendant commanded his K-9 partner to bite Plaintiff while he was lying face down on the ground in handcuffs. Defendant argues that the medical records directly contradict this allegation. As noted above, the records indicate that Plaintiff reported to hospital staff that he was bitten and knocked to the ground by the dog when

it was released after Plaintiff left the scene of the altercation with his roommate and the police were in pursuit of him.

In response, Plaintiff asserts that hospital staff "made [an] inaccurate entry on the manner in which I incurred the bite." Dkt. No. 64 at 6. Plaintiff denies that he told medical staff at the hospital that the dog was sent to take him down or that the dog knocked him to the ground. *Id.* at 5. Plaintiff continues to maintain that Defendant commanded the K-9 to bite Plaintiff while he was lying face down on the ground and handcuffed.

Viewing the medical records in the light most favorable to Plaintiff, the records are sufficient to raise a factual dispute on the question of whether Plaintiff was bitten by Defendant's K-9 partner during his arrest. However, Plaintiff's excessive force claim turns on his allegation that Defendant commanded his K-9 partner to bite Plaintiff while he was lying face down on the ground in handcuffs. The medical records do not create a genuine issue of material fact on this specific allegation. Indeed, Plaintiff's medical records contradict this allegation because they indicate that Plaintiff stated to hospital staff that he was bitten and knocked to the ground by a police dog after he left the scene of the altercation with his roommate and the police were in pursuit of him.[2] While the medical records may create a dispute of fact on whether Plaintiff was bitten, they do not in any way support Plaintiff's version of how the bite occurred, and therefore the introduction of the medical records do not change the outcome of the Court's ruling.

[2] Because Plaintiff denies that he told hospital staff that he was bitten and knocked down by a police dog after he failed to hear the police calling for him, the Court does not consider whether Plaintiff could maintain a claim for excessive force under the circumstances described in the medical records. However, the Court notes without deciding that it is questionable such circumstances could support a claim for excessive force. *See, e.g.*, *Lowry v. City of San Diego*, 858 F.3d 1248, 1256-60 (9th Cir. 2017) (en banc) (discussing considerations for excessive force claims).

**B. Motion for Appointment of Counsel and Request for Court to Subpoena Video**

Plaintiff has also filed a motion for appointment of counsel, as well as a request that the Court subpoena video recordings of Plaintiff's arrest. The Court denies both requests.

There is no right to appointment of counsel in civil cases. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). A court may appoint counsel for an indigent party under 28 U.S.C. §1915(e)(1) only if the court finds "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, courts must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court finds that exceptional circumstances do not exist. Plaintiff has not demonstrated a likelihood of success on the merits of his excessive force claim. To the contrary, the Court finds that summary judgment should be granted to Defendant. Plaintiff has also demonstrated during this litigation that he is able to articulate his claims adequately on a *pro se* basis in light of the complexity of the case. In addition, the fact that Plaintiff was able to obtain his medical records from St. Joseph Hospital is evidence that Plaintiff is capable of requesting and obtaining evidence.

Finally, the Court declines Plaintiff's renewed request for the Court to subpoena video recordings of his arrest. As both this Court and Magistrate Judge Peterson have previously indicated, "[i]t is not the Court's role or responsibility to procure the evidence necessary to support Plaintiff's claims, it is Plaintiff's burden to do so, and to do so in a timely manner." Dkt. No. 54 at 11. As noted above, Plaintiff has demonstrated that he is capable of obtaining evidence that he believes would support his claim. Furthermore, as the Court noted in its prior order granting summary judgment to Defendant, Plaintiff's earlier communications to the Court made

it clear that Plaintiff understood that it was his duty, rather than the Court's, to obtain evidence to support his case, and Plaintiff had ample time to do so in this matter. *See* Dkt. No. 58 at 6-9.

## III. Conclusion

For the foregoing reasons, the Court has reconsidered its final order and judgment in this matter in light of the Court's discovery of medical records that Plaintiff directed St. Joseph Hospital to send to the Court. Upon reconsideration, the Court finds that the medical records from St. Joseph Hospital do not alter the Court's conclusion that summary judgment should be granted in favor of Defendant in this matter. The Court ORDERS as follows:

(1) The Court AMENDS its Order Granting Summary Judgment to Defendant dated April 16, 2021 (Dkt. No. 58) to incorporate this Order by reference. To the extent there are any inconsistencies between this Order and the Court's April 16, 2021 Order, this Order supercedes the previous one.

(2) The Court DENIES Plaintiff's motion for appointment of counsel and request for the Court to subpoena video recordings of his arrest. (Dkt. No. 64).

(3) The Clerk is directed to send copies of this Order to the parties and to the Honorable Michelle L. Peterson.

Dated: September 10, 2021

Barbara Jacobs Rothstein
U.S. District Court Judge